UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| EAST KENTUCKY POWER COOPERATIVE, INC., | ) ) ) | |
| Plaintiff, | ) ) | Civil No. 3:22-cv-00063-GFVT |
| v. | ) ) | **ORDER** |
| KENTUCKY PUBLIC SERVICE COMMISSION, | ) ) ) | |
| Defendant. | ) ) | |

**\*\*\*   \*\*\*   \*\*\*   \*\*\***

This matter is before the Court on the Defendants' Notice of Substitution.  [R. 14.]  The Kentucky Public Service Commission indicates that Governor Andy Beshear appointed Angela C. Hatton as Vice Chairman and Commissioner of the Kentucky Public Service Commission.  *Id.* When the Plaintiff initiated this action, the seat was vacant.  *Id.*  The Commission therefore asks that the caption of this case be updated to include Ms. Hatton.  *Id.*

The Commission makes this request pursuant to Rule 25(d).  An outgoing public officer can automatically be substituted for her successor.  Fed. R. Civ. P. 25(d).  The rule allows the liberal substitution of public officers in official capacity suits to prevent actions from abating where the person occupying the official title changes due to death, resignation, or other means. *See generally* 7C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1961 (3d ed. 2023).  The modern rule is intended to prevent the "time-consuming formality" that used to occur when parties litigated the validity of an action as an ongoing concern where the official capacity defendant changed.  *See id.*

Despite the broad sweep of this rule, the Court is concerned that the Commission's request is procedurally inappropriate.  By its plain text, the rule permits the substitution of a party, not the addition or joinder of a party.  *See* Fed. R. Civ. P. 25(d).  The amended complaint names Kent A. Chandler as a defendant in his official capacity as Chairman of the Commission and Mary Pat Regan in her official capacity as a Commissioner.  [R. 11.]  It names no one in their official capacity as Vice Chairman.  *Id.*  Naturally, this absence is due to the vacancy of the position at the time the plaintiffs filed their complaint.  [*See* R. 14 at 1.]

Rather than permitting one person to wear the hat formerly born by another, the Commission's request would add a new official to this suit.  Permitting joinder of a new party by this method would risk an end around of the protections inherent in the rules that govern the addition of a party.  *See* 6 Wright & Miller, *supra*, § 1479 (explaining that Rules 15 and 21 generally govern the addition of a party, while Rule 25 permits the substitution of a successor in office).  For example, when a plaintiff seeks to add a defendant via Rule 21, he must comply with the requirements of Rules 3 and 4 regarding issuance of a summons and service on the added party.  *See* 7 Wright & Miller, *supra*, § 1688.  And failure to substantially comply with the requirements for service is fatal to a district court's personal jurisdiction over a party even if the individual has actual notice of the suit.  *See, e.g.*, *Bufkin v. Scottrade, Inc.*, 812 F. App'x 838, 844 (11th Cir. 2020) (discussing failure to serve a federal defendant sued in his official capacity).

For these reasons, the Court will not permit the addition of a new official capacity defendant via Rule 25(d).  Accordingly, and the Court being sufficiently advised, the Notice of Substitution **[R. 14]** is **DENIED**.

2

This the 28th day of July 2023.

Gregory F. Van Tatenhove
United States District Judge