UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT FRANKFORT

*Electronically Filed*

| | |
|---|---|
| EAST KENTUCKY POWER COOPERATIVE, INC.<br>          Plaintiff | |
| v. | Civil Action No. 3:22-CV-00063-GVFT |
| KENTUCKY PUBLIC SERVICE COMMISSION, et al.<br>          Defendants | |

---

## ANSWER OF DEFENDANTS

---

Come the Defendants, Kentucky Public Service Commission ("PSC"), Angela C. Hatton, in her official capacity as Chair of the PSC; John Will Stacy, in his official capacity as a Commissioner of the PSC; and Mary Pat Regan, in her official capacity as Commissioner of the PSC (each, a "Defendant," and collectively, the "Defendants"), for their Answer to the Plaintiff's Second Amended Petition for Declaratory and Injunctive Relief (DN. 19) (the "Second Amended Petition"), state as follows:

1.      The Defendants deny the allegations in Paragraphs 4, 32, 41, 43, and 44 of the Second Amended Petition.

2.      As to Paragraph 1 of the Second Amended Petition, the Defendants admit that the Plaintiff filed this lawsuit, deny the remainder of the paragraph, and deny that Plaintiff is entitled to any relief.

3.      As to Paragraph 2 of the Second Amended Petition, the Defendants admit that the Plaintiff filed a complaint with the Federal Energy Regulatory Commission ("FERC") and that the FERC declined to take action on the complaint.  The remainder of Paragraph 2 of the Second Amended Petition contains references to law that speak for themselves, and the Defendants deny any allegation inconsistent with that referenced law.

4.      As to the first sentence of Paragraph 3 of the Second Amended Petition, the Defendants admit that the Public Utility Regulatory Policies Act ("PURPA") governs the purchase of electric capacity and/or energy offered by qualifying facilities.  The Defendants further state that PURPA speaks for itself and deny any allegation that is inconsistent with PURPA.

5.      The Defendants admit the allegations in Paragraph 5 of the Second Amended Petition.

6.      The Defendants admit the allegations in Paragraph 6 of the Second Amended Petition.

7.      As to Paragraph 7 of the Second Amended Petition, the Defendants admit that the Defendants are properly listed at the time Plaintiff filed the Second Amended Petition but state that the membership of the Public Service Commission has since changed, and that Angie C. Hatton is the Chair, and that John Will Stacy and Mary Pat Regan are Commissioners of the Public Service Commission.

8.      As to the first sentence of Paragraph 8 of the Second Amended Petition, the Defendants admit that PURPA Section 210(h)(2)(B), 16 U.S.C. § 824a-3(h)(2)(B) governs appeals brought in federal court for alleged violations of PURPA.  The Defendants further state that the referenced statute speaks for itself and deny any allegation that is inconsistent with the cited statute.

9.      As to Paragraphs 9 and 10 of of the Second Amended Petition, the Defendants admit that the Plaintiff filed a complaint with the FERC and that the FERC declined to take action on the complaint.

10.      As to the first sentence of Paragraph 11 of the Second Amended Petition, the Defendants admit that PURPA Section 210(h)(2)(B), 16 U.S.C. § 824a-3(h)(2)(B) governs appeals brought in federal court for alleged violations of PURPA.  The Defendants further state that the referenced statute speaks for itself and deny any allegation that is inconsistent with the cited statute.

11.      As to the first sentence of Paragraph 12 of the Second Amended Petition, the Defendants admit that PURPA Section 210(h)(2)(B), 16 U.S.C. § 824a-3(h)(2)(B) governs appeals brought in federal court for alleged violations of PURPA.  The Defendants further state that the referenced statute speaks for itself and deny any allegation that is inconsistent with the cited statute. The Defendants admit the allegations that the Plaintiff and the Defendants are located within the Eastern District of Kentucky.

12.      As to the first sentence of Paragraph 13 of the Second Amended Petition, the Defendants admit that the Plaintiff has brought this suit against the Commissioners in their official capacities.  The Defendants deny any remaining allegations concerning alleged violations of federal law in Paragraph 13 of the Second Amended Petition.

13.      As to Paragraphs 14 and 15 of the Second Amended Petition, the Defendants admit that, to the best of the Defendants' information and belief, the descriptions of Plaintiff's business model and organization appear to be an accurate description.

14.      As to Paragraph 16 of the Second Amended Petition, the Defendants admit the Defendant is a member of PJM Interconnection, L.L.C. ("PJM").  The remainder of Paragraph 16 contains characterizations of and references to PJM to which no response is necessary.  The

Defendants deny any allegations to the extent to which the characterizations and references are inconsistent with PJM's structure, membership, and function.

15.     The first two sentences of Paragraph 17 of the Second Amended Petition contain characterizations of and references to PJM to which no response is necessary.  The Defendants deny any allegations to the extent to which the characterizations and references are inconsistent with PJM's structure, membership, and function.  As to the remaining sentences of Paragraph 17 of the Second Amended Petition the Defendants are without knowledge or information to admit or deny Plaintiff's characterization of its generation portfolio and seasonal load and therefore deny the same.

16.     Paragraph 18 of the Second Amended Petition contains characterizations of and references to PJM's Base Residual Auction ("BRA") to which no response is necessary.  The Defendants deny any allegations to the extent to which the characterizations and references are inconsistent with how PJM's BRA is conducted.

17.     As to Paragraph 19 of the Second Amended Petition, the Defendants admit the Defendant is a self-supply entity in PJM.  As to the remaining allegations in Paragraph 19 of the Second Amended Petition, the Defendants are without knowledge or information to admit or deny the allegations and therefore deny the same.

18.     As to Paragraphs 20 and 21 of the Second Amended Petition, the Defendants are without knowledge or information sufficient to admit or deny whether Plaintiff accurately describes auctions in PJM and therefore deny the same.

19.     As to Paragraph 22 of the Second Amended Petition, this paragraph contains representations of results of auctions in PJM to which no response is required.  As to the source

cited in Paragraph 22, the Defendants state that the cited source speaks for itself and deny any allegation that is inconsistent with the cited source.

20.     As to Paragraph 23 of the Second Amended Petition, this paragraph contains legal conclusions to which no response is required. As to the source cited in Paragraph 23, the Defendants state that the cited source speaks for itself and deny any allegation that is inconsistent with the cited source.

21.     As to Paragraph 24 of the Second Amended Petition, this paragraph contains legal conclusions to which no response is required. As to the source cited in Paragraph 24, the Defendants state that the cited source speaks for itself and deny any allegation that is inconsistent with the cited source.

22.     As to Paragraph 25 of the Second Amended Petition, this paragraph contains characterization of actions of the FERC to which no response is required. As to the source cited in Paragraph 25, the Defendants state that the cited source speaks for itself and deny any allegation that is inconsistent with the cited source.

23.     As to Paragraph 26 of the Second Amended Petition, this paragraph contains legal conclusions and characterization of actions of the FERC to which no response is required. As to the sources cited in Paragraph 26, the Defendants state that the cited sources speak for themselves and deny any allegation that is inconsistent with the cited sources.

24.     As to Paragraphs 27, 28, 29, 30, and 31 of the Second Amended Petition, these paragraphs contain legal conclusions and characterization of PURPA and the Defendants' implementation of PURPA to which no response is required.  As to the sources cited in Paragraphs 27, 28, 29, 30, and 31 of the Second Amended Petition, the Defendants state that the cited sources speak for themselves and deny any allegation that is inconsistent with the cited sources.

25.     As to Paragraph 33 of the Second Amended Petition, the Defendants admit that the Plaintiff (and its sixteen member cooperatives) filed a proposed tariff with the Defendants on March 22, 2021.  The remaining allegations in Paragraph 33 of the Second Amended Petition contain characterization of the filing to which no response is necessary.  As to the sources cited in Paragraph 33 of the Second Amended Petition, the Defendants state that the cited sources speak for themselves and deny any allegation that is inconsistent with the cited sources.

26.     As to Paragraph 34 of the Second Amended Petition, the Defendants admit that they established a review proceeding on May 24, 2021.  The remaining allegations in Paragraph 34 of the Second Amended Petition contain characterization of the proceeding to which no response is necessary.  As to the sources cited in Paragraph 34 of the Second Amended Petition, the Defendants state that the cited source speak for themselves and deny any allegation that is inconsistent with the cited sources.

27.     As to Paragraph 35 of the Second Amended Petition, the Defendants admit that they issued an Order on October 26, 2021.  The remaining allegations in Paragraph 35 of the Second Amended Petition contain characterization of the Order to which no response is necessary. As to the sources cited in Paragraph 35 of the Second Amended Petition, the Defendants state that the cited source speaks for itself and deny any allegation that is inconsistent with the cited source.

28.     The Defendants admit the allegations in Paragraph 36 of the Second Amended Petition.

29.     As to Paragraph 37 of the Second Amended Petition, the Defendants admit that PURPA Section 210(h)(2)(B), and the other cited statutes and regulations govern appeals brought in federal court for alleged violations of PURPA.  The Defendants further state that the referenced law speaks for itself and deny any allegation that is inconsistent with the cited law.  The Defendants

deny that Plaintiff is entitled to any relief and affirmatively state that the Defendants have properly implemented PURPA.

30.    As to Paragraph 38 of the Second Amended Petition, this paragraph contains characterizations of Plaintiff's petition filed with the FERC to which no response is necessary. The Defendants, however, deny the allegations contained in Plaintiff's petition filed with the FERC and presented in Paragraph 38 of the Second Amended Petition.

31.    As to Paragraph 39 of the Second Amended Petition, this paragraph contains legal conclusions and characterization of an order of the FERC to which no response is required. As to the sources cited in Paragraph 39, the Defendants state that the cited sources speak for themselves and deny any allegation that is inconsistent with the cited sources.

32.    As to Paragraph 40 of the Second Amended Petition, the Defendants admit that the Plaintiff seeks a judgment "requiring Defendants to implement PURPA properly."   The Defendants deny that such relief is proper and otherwise deny the allegations in Paragraph 40 of the Second Amended Petition.

33.    As to Paragraph 42 of the Second Amended Petition, the Defendants admit that the Plaintiff seek "enforcement of PURPA Sections 210(a) and 210(b), 16.U.S.C. §§ 824a-3(a), 824a-3(b)."   The Defendants deny that such relief is proper and otherwise deny any allegations in Paragraph 42 of the Second Amended Petition.

34.    As to Paragraph 45 of the Second Amended Petition, this paragraph contains legal conclusions and characterization of PURPA to which no response is required. As to the sources cited in Paragraph 45, the Defendants state that the cited sources speak for themselves and deny any allegation that is inconsistent with the cited sources.   The Defendants further deny that such

relief is proper and otherwise deny any allegations in Paragraph 45 of the Second Amended Petition.

35.     As to Paragraph 46 of the Second Amended Petition, the Defendants admit that the Plaintiff brought "an action for injunctive, declaratory, and other relief as may be appropriate pursuant to PURPA Sections 210(h)(2)(B). 16.U.S.C. § 824a-3(h)(2)(B)."  The Defendants deny that such relief is proper and otherwise deny any allegations in Paragraph 42 of the Second Amended Petition.

## **AFFIRMATIVE DEFENSES**

1.     The Second Amended Petition fails to state a claim upon which relief can be granted.

2.     The Defendants plead all applicable affirmative defenses allowed under Federal Rules of Civil Procedure 8 and 12.

3.     The Defendants reserve their right to amend this Answer and to raise additional affirmative defenses and to assert any third-party complaints, counterclaims, or cross-claims, as necessary.

WHEREFORE, the Defendants, having answered the Second Amended Petition, demand as follows:

A.     That the Second Amended Petition be dismissed with prejudice;

B.     That judgment be entered in the Defendants' favor;

C.     That the Plaintiff's request for declaratory and injunctive relief be denied;

D.     That the Plaintiff receives no relief whatsoever;

E.     That the Defendants receive all further relief to which they are entitled.

*/s/ John E. B. Pinney*
John E.B. Pinney (Bar # 88031)
Justin M. McNeil (Bar # 95056)
Kentucky Public Service Commission
211 Sower Blvd.
P.O. Box 615
Frankfort, Kentucky 40601
Jeb.pinney@ky.gov
Justin.mcneil@ky.gov
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that the above document was filed on September 12, 2024, using the Court's CM/ECF system, which will electronically serve a copy to all counsel of record.

*/s/ John E. B. Pinney*
John E. B. Pinney
*Counsel for Defendants*